1

2

3

4                         UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   VANCE S. ELLIOT,                        Case No. 15-cv-03127-MEJ

                    Plaintiff,
8                                           **ORDER GRANTING APPLICATION**
                                            **TO PROCEED IN FORMA PAUPERIS**
9       v.
                                            **ORDER DISMISSING COMPLAINT**
10  THE SAN FRANCISCO DEPARTMENT            **WITH LEAVE TO AMEND**
    OF PUBLIC HEALTH,
11                  Defendant.

12

13                              **INTRODUCTION**

14          On July 6, 2015, Plaintiff Vance S. Elliot ("Plaintiff") filed a Complaint (Dkt. No. 1) and

15  an Application to Proceed In Forma Pauperis (Dkt. No. 3).  He also filed a consent to the

16  jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Dkt. No. 4), and

17  therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter,

18  including the entry of judgment. [1]  For the reasons stated below, the Court **GRANTS** the

19  application to proceed in forma pauperis and **DISMISSES** the Complaint **WITH LEAVE TO**

20  **AMEND**.

21                              **BACKGROUND**[2]

22          Although not stated in the Complaint, it appears Plaintiff is a resident of a property owned

23  and/or operated by Defendant San Francisco Department of Public Health.  In February 2015,

24  Plaintiff received a letter from the Director of the Department of Public Health "citing all kinds of

25

26  _____

27  [1] Defendant has not been served, and therefore is not a party to the suit pursuant to 28 U.S.C. §
    636(c).  *See Levy v. United States*, 2012 WL 1439047, at *1 (N.D. Cal. Apr. 25, 2012)*;Third*
    *World Media, LLC v. Does 1-1568*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011).

28  [2] The following factual allegations are taken from Plaintiff's Complaint.  Dkt. No. 1.

filthy things had been found in my room by an Inspector of Department of Public Health and that I should clean up my my [sic] room forthwith or face eviction."  Plaintiff also alleges he appeared for an Abatement Hearing at 300 Grove Street where testimony was given by an inspector that his "room had feces on the floor, cobwebs on the ceinling [sic] and other noxious conditions [sic] were present."  He alleges he was not given the opportunity to cross-examine the Inspector or see any evidence that was presented.  He further alleges that none of these conditions were present in his room, "therefore, the man's testimony was perjured throughout."

Plaintiff captions his Complaint as "Perjury and Slander."  On the Civil Cover Sheet, he states the nature of his suit is "Personal Injury" for "Assault, Libel & Slander."  He requests the Court order Defendant to cease and desist any further action "until a person representing me shall have the opportunity to testify on my behalf at trial that I was the victim of a Kangroo [sic] Court in which an Inspector of the Department [of Public] Health had perjured himself."

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Plaintiff submitted the required documentation, and it is evident from the application that the listed assets and income are insufficient to enable Plaintiff to pay the filing fees.  Accordingly, the Court **GRANTS** the Application to Proceed In Forma Pauperis.

### SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.     Legal Standard**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to

United States District Court
Northern District of California

2

dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Rule 12(b)(6)). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" when it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007).

The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff

must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Application to the Case at Bar**

At first glance, it is not clear that Plaintiff's Complaint is properly before this Court. As to Plaintiff's claim for "perjury," it must be dismissed because there is no private right of action for such a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (criminal statutes do not generally provide a private cause of action nor basis for civil liability). As to Plaintiff's remaining claim for slander, the Federal district courts are courts of

United States District Court
Northern District of California

4

1  limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which

2  is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

3  375, 377 (1994) (internal citation omitted).  Accordingly, "[i]t is to be presumed that a cause lies

4  outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

5  asserting jurisdiction." *Id.*

6        There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction

7  under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to the

8  federal question jurisdiction statute, district courts have original jurisdiction over all civil actions

9  arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  For

10  diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each

11  defendant, and the amount in controversy must exceed $75,000.

12        Diversity jurisdiction does not exist here because Plaintiff and Defendant both reside in

13  California.  As to federal question jurisdiction, Plaintiff alleges only a tort-based claim for slander,

14  which does not fall within the limited jurisdiction of federal courts.  *Franklin v. Oregon*, 662 F.2d

15  1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction over claim of slander by police officer

16  because no violation of federal right).  The Court may adjudicate state tort claims only through

17  supplemental jurisdiction, which is discretionary, and should only be used to promote judicial

18  economy or convenience.  28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

19  726 (1966).  Accordingly, as Plaintiff does not allege a federal cause of action the Court is unable

20  to exercise supplemental jurisdiction over his state law claim.

21        Although Plaintiff does not currently allege a federal cause of action, the Court is mindful

22  that pro se pleadings must be liberally construed.  *Haines*, 404 U.S. at 520-21.  Plaintiff alleges

23  that he appeared for an abatement hearing, but was not given the opportunity to cross-examine the

24  inspector or see any evidence that was presented.  From this allegation, it appears Plaintiff may be

25  attempting to state a claim under 42 U.S.C. § 1983 for violation of his due process rights.  The

26  Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of

27  life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  This

28  provision imposes "procedural limitations on a State's power to take away protected entitlements."

United States District Court
Northern District of California

5

*Dist. Att'y's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67 (2009).  Procedural due process requires that the government's deprivation of life, liberty, or property, even if consistent with substantive due process, "be implemented in a fair manner."  *United States v. Salerno*, 481 U.S. 739, 746 (1987) (analyzing the Due Process Clause of the Fifth Amendment) (internal quotation marks and citation omitted).

If Plaintiff intends to state a claim under 42 U.S.C. § 1983, he must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  *Plumeau v. Sch. Dist. # 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

## CONCLUSION

Based on the analysis above, the Court finds dismissal appropriate.  However, given

United States District Court
Northern District of California

Plaintiff's pro se status and because it is not clear that the deficiencies of the Complaint could not be cured by amendment, the Court shall grant Plaintiff leave to amend.  Accordingly, the Court **GRANTS** the Application to Proceed In Forma Pauperis and **DISMISSES** the Complaint **WITH LEAVE TO AMEND**.

If Plaintiff files an amended complaint, it must comply with the guidelines set forth in Rule 8(a).  This rule requires that a complaint for relief include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  A pleading may not simply allege a wrong has been committed and demand relief; it must state the elements of the claim plainly and succinctly.  Plaintiff must allege with at least some degree of particularity the facts in which the defendant(s) engaged to support the claim.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In preparing the amended complaint, Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.  The Court also recommends that Plaintiff obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk.  This handbook provides an explanation of the required components of a complaint.

1    Consistent with the instructions in this Order, Plaintiff shall file any amended complaint **by**

2  **August 13, 2015**.  Failure to file an amended complaint by this deadline shall result in the

3  dismissal of this case with prejudice.  The Clerk is directed to close the file in this case if an

4  amended complaint is not filed by August 13.

5    **IT IS SO ORDERED.**

6

7  Dated: July 10, 2015

8  _____

9  MARIA-ELENA JAMES
   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE S. ELLIOT,<br><br>        Plaintiff,<br><br>    v.<br><br>THE SAN FRANCISCO DEPARTMENT<br>OF PUBLIC HEALTH,<br><br>        Defendant. | Case No.  15-cv-03127-MEJ<br><br>**CERTIFICATE OF SERVICE** |

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on July 10, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vance S. Elliot
640 Eddy Street, Room 214
San Francisco, CA 94109

Dated: July 10, 2015

Richard W. Wieking
Clerk, United States District Court

_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES